IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 15 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02154-BNB

EUGENIO NAVARRO,

    Plaintiff,

v.

HON. JUDGE MORRIS W. SANDSTEAD, JR.,
D. A. JOHN PICKERING,
MS. SHEIKA K. ANDERSON,
WESLEY A. MILLER, ESQ.,
CHERYL KOTT-SICOTTE, ESQ.,
MAGISTRATE CAROLY ML, and
PAUL MCKEY - Blder [sic] County Cse [sic],

    Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Eugenio Navarro filed *pro se* on February 1, 2006, a document titled "Requst [sic] Extendtion [sic] of Time and to Result the Missunderstanding [sic] Petitioner to Reconsider." Mr. Navarro asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on January 23, 2006.

The Court must construe the motion to reconsider liberally because Mr. Navarro is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Navarro filed the motion to reconsider within ten days after the Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice after determining that Mr. Navarro failed within the time allowed to file an amended complaint as directed or otherwise to communicate with the Court in any way. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Navarro fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Navarro does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the document titled "Requst [sic] Extendtion [sic] of Time and to Result the Missunderstanding [sic] Petitioner to Reconsider" that Plaintiff Eugenio Navarro filed *pro se* on February 1, 2006, and which the Court has treated as a motion

to reconsider pursuant to Fed. R. Civ. P. 59(e),  is denied.

DATED at Denver, Colorado, this _14_ day of _February_, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-02154-BNB

Eugenio A. Navarro, Jr.
Prisoner No. 83708
Arkansas Valley Corr. Facility
PO Box 1000 – Unit 2-C-1-6
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/15/06

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk