IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 3 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02154-ZLW

EUGENIO NAVARRO,

    Plaintiff,

v.

HON. JUDGE MORRIS W. SANDSTEAD, JR.,
D. A. JOHN PICKERING,
MS. SHEIKA K. ANDERSON,
WESLEY A. MILLER, ESQ.,
CHERYL KOTT-SICOTTE, ESQ.,
MAGISTRATE CAROLY ML, and
PAUL MCKEY - Blder [sic] County Cse [sic],

    Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

Plaintiff Eugenio Navarro, Jr., filed *pro se* on February 15, 2006, a motion titled "Order and Judgment of Dismissal, To Reconsider and Grant an Extension of Time To Correct Misaddressed." The Court must construe the motion liberally because Mr. Navarro is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion will be construed liberally as a motion for reconsideration. For the reasons stated below, the motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). ***See id.*** A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***See id.*** at 1243. Mr. Navarro's motion, which was filed more than ten days after the Court's Order and Judgment of Dismissal, entered and filed on January 23, 2006, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Navarro failed within the time allowed to file an amended complaint as directed or otherwise to communicate with the Court in any way. The basis for the dismissal is explained in detail in the January 23, 2006, dismissal order.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Navarro fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion for reconsideration will be denied. Accordingly, it is

ORDERED that the motion titled "Order and Judgment of Dismissal, To Reconsider and Grant an Extension of Time To Correct Misaddressed" that Plaintiff Eugenio Navarro, Jr., submitted *pro se* and the Court filed on February 15, 2006, and

which the Court has construed liberally as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this ___1___ day of ___March___, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02154-BNB

Eugenio A. Navarro, Jr.
Prisoner No. 83708
Arkansas Valley Corr. Facility
PO Box 1000 – Unit 2-C-1-6
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/3/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk